IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ALVIN LYNN ALEXANDER,<br>        Plaintiff,<br><br>v.<br><br>THE HONORABLE TOM A. LUCAS;<br>THE CLEVELAND COUNTY DISTRICT<br>COURT; THE HONORABLE GARY<br>LUMPKIN; AND THE OKLAHOMA<br>COURT OF CRIMINAL APPEALS,<br><br>        Defendants. | )<br>)<br>)<br>)<br>) Case No. CIV-06-1386-HE<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**REPORT AND RECOMMENDATION**

Plaintiff, a state prisoner appearing *pro se*, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. The matter has been referred for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). The Complaint submitted by Plaintiff has been examined. Because the Complaint fails to state a claim upon which relief may be granted, it is recommended that this action be dismissed pursuant to 28 U.S.C. § 1915A(b)(1). It is further recommended that the dismissal count as a prior occasion or "strike" pursuant to 28 U.S.C. § 1915(g).

**I. Background and Claims Presented**

Plaintiff is currently serving a fifty-year sentence imposed on a judgment of conviction entered pursuant to Plaintiff's plea of guilty to a charge of Second Degree Murder in Case No. CF-1993-1721, District Court of Cleveland County, State of Oklahoma. In this civil rights action brought pursuant to 42 U.S.C. § 1983, Plaintiff names as defendants the Honorable Tom Lucas, District Judge of Cleveland County, the Honorable Gary Lumpkin,

Vice Presiding Judge of the Oklahoma Court of Criminal Appeals, and the Cleveland County District Court and Oklahoma Court of Criminal Appeals (OCCA).

Plaintiff claims Defendants have interpreted the statutory and case law of the State of Oklahoma in a manner that is contrary to procedural due process. Plaintiff claims the Information underlying his conviction is defective and, therefore, the state district court lacked jurisdiction to enter the judgment of conviction. Plaintiff further claims the state district court violated his procedural due process rights by failing to make a necessary and "reliable" determination as to the voluntariness of his plea, including a complete record of the plea. Finally, Plaintiff claims the state district court failed to make a mandatory determination as to Plaintiff's competency to enter his guilty plea. Plaintiff characterizes his challenges to the conviction as jurisdictional in nature.

Plaintiff claims the OCCA further violated his due process rights in post-conviction proceedings by rejecting his challenges to the conviction on grounds of procedural bar and waiver. According to Plaintiff, because his grounds of error challenged the jurisdiction of the district court to enter the judgment of conviction, these errors were not subject to waiver and could be raised at any time.

As relief, Plaintiff seeks declaratory relief "declaring Defendants' Review Procedure unconstitutional." *See* Complaint at 12, Section E. Plaintiff also seeks injunctive relief "for an immediate re-hearing under constitutionally proper procedures" and "requiring the

defendants to comply with Fourteenth Amendment requirements in the future." *See id*. at 13.[1]

## Analysis

Pursuant to *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994), where a state prisoner brings a claim seeking damages for an allegedly unconstitutional conviction, the claim is not cognizable under § 1983 and must be dismissed unless plaintiff can demonstrate that the conviction has already been invalidated. *Heck* 512 U.S. at 486-87. The Supreme Court later extended the rationale of *Heck* to encompass a § 1983 claim seeking declaratory relief. *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997). In *Lawson v. Engleman*, 67 Fed. Appx. 524, 525-526 n. 2 (10th Cir. 2003) (unpublished op.), the Tenth Circuit applied *Heck* to bar a § 1983 plaintiff's claims for injunctive relief where such claims necessarily implied the invalidity of his conviction or sentence. *Heck* and its progeny generally apply to bar an action under § 1983 "when the concerns underlying *Heck* exist," which include the presence of "those claims that would necessarily imply the invalidity of [the] conviction." *Beck v. Muskogee Police Dep't,* 195 F.3d 553, 557 (10th Cir.1999).

---

[1]Although a claim for monetary damages would be barred against Defendants Lucas and Lumpkin on grounds of judicial immunity, *see, e.g., Harris v. Champion*, 51 F.3d 901, 906 (10th Cir. 1995), Plaintiff does not seek monetary damages. With respect to Plaintiff's requests for declaratory and injunctive relief, Plaintiff does not expressly claim that he seeks federal judicial review of the unfavorable decisions of the Oklahoma courts in this action. To the extent Plaintiff's Complaint could be construed to include such a claim, the *Rooker-Feldman* doctrine precludes federal court review. *See Exxon Mobil Corp. v. Saudi Basic Industries, Inc.*, 544 U.S. 280, 284 (2005) (*Rooker-Feldman* doctrine applies to bar federal district court review of "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments").

Here, Plaintiff has attempted to cast his claims in a manner that would permit review under § 1983, but it is clear that Plaintiff's due process claims, if successful, would necessarily demonstrate the invalidity of his conviction and sentence. *Cp. Preiser v. Rodriguez*, 411 U.S. 475, 499-500 (1973) (a federal challenge to the fact of conviction or confinement, or the duration of confinement, is cognizable only under habeas corpus).[2] Plaintiff's due process claims are dependent on a finding that the state district court lacked jurisdiction to enter the judgment of conviction. Such a finding would be tantamount to declaring the invalidity of Plaintiff's conviction. Plaintiff fails to allege facts demonstrating that he has previously obtained habeas corpus relief, or any other type of relief, invalidating the conviction entered in Case No. CF-93-1721, District Court of Cleveland County, State of Oklahoma.

Since Plaintiff's claims asserted under 42 U.S.C. § 1983 necessarily imply the invalidity of his conviction and he cannot demonstrate that his conviction has already been invalidated, his claims are barred by *Heck* and its progeny. Plaintiff's action, therefore, must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim.[3]

---

[2]Plaintiff's conviction was entered on June 29, 1995. Therefore, it appears that if Plaintiff were to bring a habeas corpus action to challenge his conviction, the action would be time-barred pursuant to the one-year limitations period governing such actions. *See* 28 U.S.C. § 2244(d)(1). This procedural bar may explain Plaintiff's attempt to characterize his claims as arising under 42 U.S.C. § 1983.

[3]Seemingly aware of the *Heck* bar, Plaintiff cites *Wilkinson v. Dotson*, 544 U.S. 74 (2005) as the jurisdictional basis for his lawsuit. *See* Complaint at 2. In *Wilkinson*, the Supreme Court held that § 1983 remains available for procedural challenges to parole proceedings on the basis that such challenges do not necessarily result in speedier release and are not at the core of habeas corpus. *Wilkinson*, 544 U.S. at 82-83. *Wilkinson*'s holding is inapplicable to the claims presented in Plaintiff's Complaint. Indeed, in *Wilkinson* the Court reiterated that: "[A] state prisoner's § 1983
(continued...)

## RECOMMENDATION

It is recommended that Plaintiff's civil rights action brought pursuant to 42 U.S.C. § 1983 be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) based on Plaintiff's failure to state a claim upon which relief may be granted. Further, the dismissal should be counted as a "prior occasion" or strike pursuant to 28 U.S.C. § 1915(g). The dismissal should count as a "prior occasion," however, only after the Plaintiff has exhausted or waived his right to appeal. *See Jennings v. Natrona County Detention Center Medical Facility*, 175 F.3d 775, 780 (10th Cir. 1999).

## NOTICE OF RIGHT TO OBJECT

Plaintiff is advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objections must be filed with the Clerk of the District Court by February __8th__, 2007. *See* LCvR72.1. Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

---

[3](...continued)
action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Id*. at 81-82 (emphasis in original). Although Plaintiff contends he is challenging the state courts' "procedures," as set forth above, his challenge, if successful, would necessarily demonstrate the invalidity of his conviction.

## **STATUS OF REFERRAL**

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED this __19th__ day of January, 2007.

_/s/ Valerie K. Couch_
VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE