IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ALVIN LYNN ALEXANDER,           )<br>                                 )<br>            Plaintiff,             )<br>vs.                              )           NO. CIV-06-1386-HE<br>                                 )<br>THE HONORABLE TOM A LUCAS, et al., )<br>                                 )<br>            Defendants.           ) | |

## **ORDER**

Plaintiff Alvin Lynn Alexander, a state prisoner appearing *pro se*, instituted this action asserting claims under 42 U.S.C. § 1983.  He has sued the Cleveland County District Court, the Oklahoma Court of Criminal Appeals ("OCCA"), a state court district judge and a state appellate judge, claiming his due process rights were violated in conjunction with his conviction for second degree murder, which was entered pursuant to his plea of guilty.

Consistent with 28 U.S.C. §636(b)(1)(B) and (C), the matter was referred for initial proceedings to Magistrate Judge Valerie K. Couch.  She found, relying on Heck v. Humphrey, 512 U.S. 477 (1994) and its progeny, that the complaint fails to state a claim for relief because the plaintiff's "due process claims, if successful, would necessarily demonstrate the invalidity of his conviction and sentence."  Report and Recommendation, p. 4.  She has recommended that the action be dismissed pursuant to 28 U.S.C. §1915A(b)(1) and that the dismissal count as a prior "strike" pursuant to 28 U.S.C. § 1915(g).

The plaintiff filed an objection to the Report and Recommendation, asserting that the magistrate judge misconstrued his complaint. He contends that he is claiming that the state's review procedures are constitutionally defective and is not attempting, via a § 1983 action,

to attack his conviction and sentence. The court disagrees that the magistrate judge misread the complaint. Although the plaintiff cites <u>Wilkinson v. Dotson</u>, 544 U.S. 74 (2005) in his jurisdictional allegations for the proposition that "if a party challenges an authorities' procedures as being unconstitutional, and the relief sought is a new and fair hearing, the complaint may be filed under 42 U.S.C. § 1983," complaint, p. 2 , the gist of his complaint is that the state courts, during post-conviction proceedings, erroneously held that his claims were procedurally barred. As noted by the magistrate judge, if the plaintiff's claims are not barred by <u>Heck</u>, federal judicial review of the Oklahoma courts' unfavorable decisions is precluded by the <u>Rooker-Feldman</u> doctrine. Report and Recommendation, p. 2 n.1.

The court agrees with the magistrate judge's analysis of the plaintiff's claims and adopts her Report and Recommendation. The action is **dismissed**. 28 U.S.C. §1915A(b)(1). After the plaintiff has exhausted or waived his right to appeal the dismissal will count as a "prior occasion." 42 U.S.C. §1915(g).

**IT IS SO ORDERED**.

Dated this 9th day of April, 2007.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE